**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

|  |  |
|---|---|
| JORGE HADDOCK-ACEVEDO, et al., <br><br>**Plaintiffs**, <br><br> v. <br><br> BOARD OF GOVERNORS OF THE UNIVERSITY OF PUERTO RICO, et al., <br><br>**Defendants**. | **CIVIL NO. 21-1472 (RAM)** |

**OPINION AND ORDER**

RAÚL M. ARIAS-MARXUACH, United States District Judge

Pending before the Court is Jorge Haddock-Acevedo ("Haddock") and María A. Haddock's (together, "Plaintiffs") *Motion in Compliance with Order* (the "*Motion*") and Defendants'[1] opposition thereto (the "*Opposition*"). (Docket Nos. 88; 90). For the reasons stated below, the Court finds that it lacks jurisdiction over this action pursuant to a mandatory and broad forum selection clause. Thus, the *Complaint* is **DISMISSED WITHOUT PREJUDICE**.

## I.   FACTUAL AND PROCEDURAL BACKGROUND[2]

In early 2018, members of the Board of Governors of the

---

[1] The defendants in this case are Emilio Colón-Beltran ("Colón"), Mayda Velasco-Bonilla ("Velasco"), Mayra Olavarría-Cruz ("Olavarría"), Walter Alomar-Jiménez ("Alomar"), Omar J. Marrero-Díaz ("Marrero"), (collectively, "Defendants"), and certain unnamed insurance companies. (Docket No. 1 at 3-4).

[2] The Court's factual recitation is taken from Plaintiffs' allegations in the *Complaint*, the content of which must be accepted as true at this stage of the

University of Puerto Rico ("UPR") asked Haddock if he was interested in becoming the next President of the UPR, his alma mater. (Docket No. 1 at 6-7). Haddock eventually accepted the offer and was ultimately hired by the UPR. Id. at 7-9. Haddock emphasized during the employment contract negotiation process that he wanted the minimum term of his contract to be for five (5) years, which the Board of Governors accepted. Id. at 7-8. On August 14, 2018, Haddock and the Board of Governors signed the Personal Services Contract (the "Contract"), which officially appointed Haddock as the President of the UPR for a period of five (5) years starting on September 4, 2018, through June 30, 2023. (Docket No. 7-2 at 3). The Contract makes clear that the UPR can fire Haddock for cause, and it specifies the two proper reasons for which the Contract can be canceled. Id. at 5. The Contract also contains a forum selection clause, which states that "the court with jurisdiction for any claim related to the execution of this CONTRACT shall be the appropriate courtroom of the General Court of Justice, Court of First Instance, San Juan Division." Id. at 9-10. Haddock officially commenced his tenure as President on September 4, 2018. (Docket No. 1 at 9).

On July 2, 2021, co-defendants Colón and Velasco informed Haddock that the Board of Governors had decided to terminate his

---

proceedings. See Ponsa-Rabell v. Santander Sec. LLC, 35 F.4th 26, 32 (1st Cir. 2022).

employment as President of the UPR, effective on July 31, 2021. Id. at 10. The *Complaint* avers that the Board of Governors had not convened to discuss Haddock's termination, and that he was not given a chance to discuss or understand the reasons for his termination. Id. at 10-11. Haddock posits his firing was a result of his unwillingness to bend to political pressure from members of the Board of Governors, particularly co-defendant Alomar. Id. at 11-17.

On September 28, 2021, Plaintiffs filed the *Complaint* in this Court, alleging violations of the First, Fifth, and Fourteenth Amendments to the Constitution of the United States; and Article 1536 of the Civil Code of Puerto Rico. Id. at 19-27. The *Complaint* also requests judgment directing the current Interim President of the UPR to comply with the terms of the Contract and a declaratory judgment confirming the validity and meaning of key provisions of the Contract as they relate to this dispute. Id. at 17-19, 28. Various co-defendants subsequently filed several motions to dismiss. (Docket Nos. 27; 34; 35; 36).

After reviewing the *Complaint*, the Contract, and the pending motions, the Court ordered Plaintiffs to show cause why this case should not be dismissed without prejudice pursuant to the forum selection clause in Section X of the Contract, and/or the mandatory arbitration provision in Section XVIII of the Contract. (Docket No. 87). Plaintiffs filed the *Motion*, in which they reiterated the

arguments they made in an earlier submission to this Court regarding the forum selection clause. (*Compare* Docket No. 69 at 3-6 *with* Docket No. 88). However, the *Motion* failed to address the arbitration provision. Co-defendants Colón and Velasco subsequently filed the *Opposition*, which addressed the arguments raised in the *Motion* but also failed to address the applicability of the arbitration provision. (Docket No. 90). In the *Opposition*, Defendants asked this Court to dismiss this case pursuant to the forum selection clause in the Contract. Id. at 5. Co-defendants Alomar and Olavarría then joined the *Opposition*. (Docket Nos. 91, 93, 94, 95). The Court provided the parties an opportunity to file reply briefs, but neither side did so. (Docket No. 87).

As explained below, the forum selection clause in Section X of the Contract is mandatory and encompasses all of Plaintiffs' claims in this action. Thus, the *Complaint* is dismissed in its entirety pursuant to that clause.

## II.   STANDARD OF REVIEW

When "a forum selection clause is alleged to require reference to a state or foreign forum," as is the case here, "the appropriate way for a federal court to enforce it is through a motion to dismiss for forum non conveniens." Rivera v. Kress Stores of Puerto Rico, Inc., 30 F.4th 98, 101 (1st Cir. 2022). However, the First Circuit noted that "it is permissible to treat a motion to dismiss based on a forum selection clause as a motion alleging the failure

to state a claim for which relief can be granted under Rule 12(b)(6)." Id. at 102. In the *Motion*, Plaintiffs directly invoked Rule 12(b)(6), and Defendants did nothing to challenge that standard in their *Opposition*. (Docket Nos. 88 at 2; 90). Therefore, as the parties briefed the issue pursuant to the Rule 12(b)(6) standard, this Court will conduct its analysis pursuant to the same standard. *See* Kress Stores, 30 F.4th at 102 (applying the Rule 12(b)(6) standard when reviewing a motion to dismiss based on a forum selection clause in part because "the parties' briefing below focused on Rule 12(b)(6)").

When ruling on a Rule 12(b)(6) motion, "[t]he sole inquiry . . . is whether, construing the well-pleaded facts of the complaint in the light most favorable to the plaintiffs, the complaint states a claim for which relief can be granted." Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 7 (1st Cir. 2011). The Court must first "isolate and ignore statements in the complaint that simply offer legal labels and conclusions or merely rehash cause-of-action elements." Schatz v. Republican State Leadership Committee, 669 F.3d 50, 55 (1st Cir. 2012) (citations omitted). Then, the Court takes "the complaint's well-pled (*i.e.*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor," to determine "if they plausibly narrate a claim for relief." Id. (citations omitted).

In conducting this review, the Court may consider "documents

the authenticity of which are not disputed by the parties, documents central to plaintiffs' claim, and documents sufficiently referred to in the complaint." Claudio-De Leon v. Sistema Universitario Ana G. Mendez, 775 F.3d 41, 46 (1st Cir. 2014) (internal quotation marks and citations omitted). Here, because Plaintiffs attached the Contract to their *Complaint*, and because the Contract is repeatedly referred to in the *Complaint*, the Court can consider and review the Contract in ruling on the *Motion*.

### III. APPLICABLE LAW

In general, "[t]he prevailing view towards contractual forum selection clauses is that they are *prima facie* valid and should be enforced unless doing so is shown by the resisting party to be unreasonable under the circumstances." Marrero v. Aragunde, 537 F. Supp. 2d 305, 308 (D.P.R. 2008), aff'd, 341 F. App'x 656 (1st Cir. 2009) (citing M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 10-13 (1972)). Thus, the Court must determine the validity and scope of the forum selection clause in the Contract. In conducting this analysis, the Court will apply federal common law. Despite the Contract's choice-of-law provision, which states that its provisions "will be governed and interpreted according to the laws of the Commonwealth of Puerto Rico," the parties relied exclusively on federal precedents in their briefing. *See* Kress Stores, 30 F.4th at 102 (applying federal common law to interpret forum selection clause when parties acquiesced to its application by relying "on

federal precedents applying law from a variety of jurisdictions, along with general contract-law principles"); (Docket Nos. 7-2 at 9; 88; 90). In fact, Defendants expressly acquiesced to the application of federal common law in the *Opposition*. (Docket No. 90 at 2 n.2). Additionally, the First Circuit has noted that "there is no conflict between federal common law and Puerto Rico law regarding the enforceability of forum-selection clauses." Rivera v. Centro Medico de Turabo, Inc., 575 F.3d 10, 16 (1st Cir. 2009) (internal quotation marks and citations omitted). Thus, the application of federal common law does not present a conflict of laws issue.

"Federal common law regarding the enforceability of forum-selection clauses ordinarily entails several steps." Kress Stores, 30 F.4th at 103 (citing Claudio-De Leon, 775 F.3d at 46-47). First, the Court must determine whether the clause at issue is permissive or mandatory. *See* Claudio-De Leon, 775 F.3d at 46. Second, the Court must ascertain the clause's scope. Id. at 47. The third and "final step in evaluating the clause involves asking whether there is some reason the presumption of enforceability should not apply." Id. at 48 (internal quotation marks and citation omitted).

## IV. ANALYSIS

### A. The Forum Selection Clause is Mandatory

The threshold inquiry when analyzing a forum selection clause is whether the clause is permissive or mandatory. Id. at 46.

Permissive clauses merely "authorize personal jurisdiction in a designated forum but do not prohibit litigation of covered claims elsewhere." Kress Stores, 30 F.4th at 103 (internal quotation marks and citations omitted). On the other hand, mandatory clauses dictate "the exclusive forum for litigation." Id. (internal quotation marks and citations omitted). "Absent a waiver, such clauses require parties to litigate covered claims *exclusively* in the designated forum." Id. (emphasis added).

Plaintiffs contend the forum selection clause in the Contract is permissive because "it merely reflects that Haddock acquiesced to jurisdiction in the San Juan Court, not that he waived his rights to pursue litigation elsewhere." (Docket No. 88 at 3) (emphasis in original). Plaintiffs rely primarily on what they consider an "almost identical" forum selection clause in Redondo Const. Corp. v. Banco Exterior de Espana, S.A., 11 F.3d 3 (1st Cir. 1993). (Docket No. 88 at 3). In Redondo, the agreement at issue provided that the "Borrower and the Guarantors each hereby expressly submits to the jurisdiction of all Federal and State courts located in the State of Florida." Redondo Const. Corp., 11 F.3d at 5. Plaintiffs contend that the clause at issue here similarly "lacks any clear exclusionary or obligatory language and, hence, does not deprive this Court of jurisdiction." (Docket No. 88 at 4).

Defendants assert that the forum selection clause in the

Contract does, in fact, contain such obligatory language. In particular, they argue that the word "shall" in the clause evinces an intent by the contracting parties "to designate the 'General Court of Justice, Court of First Instance, San Juan Division' as the exclusive forum to resolve disputes" related to the contract. (Docket No. 90 at 3-4). The Court agrees with Defendants.

The mandatory or permissive nature of a forum selection clause often hinges on whether the provision includes any terms with a mandatory connotation. One such term is "shall," which the First Circuit has long noted has a mandatory connotation. *See* Claudio-De Leon, 775 F.3d at 46 ("[I]t is axiomatic that the word 'shall' has a mandatory connotation."); Centro Medico de Turabo, 575 F.3d at 17 n.5 (including "shall" in a list of "typical mandatory terms"). Thus, courts have generally interpreted the inclusion of "shall" in a forum selection provision to evince the parties' intent that the clause be mandatory, not permissive. For example, in Claudio-De Leon v. Sistema Universitario Ana G. Mendez, the court determined that a forum selection provision in an employment contract, strikingly similar to the one at issue here, stating that disputes "shall be submitted to the jurisdiction and competence of the Court of First Instance of the Commonwealth of Puerto Rico, San Juan Part," was undoubtedly mandatory. Claudio-De Leon, 775 F.3d at 46. Tellingly, Plaintiffs rely exclusively on cases that interpret forum selection provisions **without** any

mandatory terms. *See* <u>Autoridad de Energia Electrica de Puerto Rico v. Ericsson Inc.</u>, 201 F.3d 15, 18 (1st Cir. 2000) ("This contract will be governed and interpreted pursuant to the Laws of the Commonwealth of Puerto Rico and the parties agree to submit to the jurisdiction of the courts of the Commonwealth of Puerto Rico."); <u>Redondo Const. Corp.</u>, 11 F.3d at 5 ("Borrower and the Guarantors each hereby expressly submits to the jurisdiction of all Federal and State courts located in the State of Florida."); <u>Prestige Cap. Corp. v. Pipeliners of Puerto Rico, Inc.</u>, 849 F. Supp. 2d 240, 245 (D.P.R. 2012) ("For the purposes of legal actions, the [debtor] agrees to submit to the jurisdiction and competence of the Puerto Rico San Juan Superior Court."). For this reason, those cases are inapposite and unpersuasive here.

Because the forum selection clause in the Contract expressly states that "the court with jurisdiction for any claim related to the execution of this [contract] **shall be** the appropriate courtroom of the General Court of Justice, Court of First Instance, San Juan Division," the Court finds that this clause is undoubtedly mandatory. (Docket No. 7-2 at 9-10) (emphasis added).

**B. The Forum Selection Clause is Broad**

Not only is the forum selection clause mandatory, but it is also broad. By its terms, the clause encompasses any claim "related to" the "execution" of the Contract. <u>Id.</u> at 9. The Court will address each of these important phrases in turn.

1. "Related to" Should Be Read Broadly

The First Circuit has endorsed a broad reading of the term "related to" in forum selection clauses. For example, in <u>Huffington v. T.C. Grp., LLC</u>, when interpreting a forum selection clause that contained the phrase "with respect to," the court explained that:

> [C]ourts describe the phrase 'with respect to' as synonymous with the phrases 'with reference to,' '**relating to**,' 'in connection with,' and 'associated with,' and they have held such phrases to be broader in scope than the term 'arising out of,' to be broader than the concept of a causal connection, and to mean simply 'connected by reason of an established or discoverable relation.'

<u>Huffington v. T.C. Grp., LLC</u>, 637 F.3d 18, 22 (1st Cir. 2011) (citations omitted) (emphasis added).

Thus, pursuant to First Circuit precedent, "related to" should be read broadly to mean "connected by reason of an established or discoverable relation." <u>Id</u>.

2. "Ejecución" Means "Performance"

The phrase "execution of this CONTRACT" in the forum selection clause must also be read broadly.

First, the Court must address a threshold translation issue. Pursuant to Local Rule 5(c), Plaintiffs provided the Court with a copy of the Contract in both English and Spanish. Plaintiffs' English translation states that the forum selection clause encompasses "any claim related to the **execution**" of the contract. (Docket No. 7-2 at 9) (emphasis added). In her *Motion to Dismiss*,

Olavarría provided an English translation of the forum selection clause that states the clause covers "any claim related with the **performance**" of the contract. (Docket No. 34 at 6) (emphasis added). To determine the proper translation of the provision, and thus the meaning of this key word, the Court must turn to the original, Spanish version of the Contract to which the parties agreed and signed. There, the parties used the term "ejecución." (Docket No. 1-2 at 8). A review of the definition of "ejecución" in Spanish-to-English legal dictionaries reveals that the word is synonymous with contract "performance." *See, e.g.*, Louis A. Robb, Diccionario De Terminos Legales, Español-Inglés e Inglés-Español 48 (17th ed. 1989). Thus, the Court will use the term "performance" to interpret the scope of the forum selection clause.

Courts in this District applying Puerto Rico law define contractual "performance" as "complying with [a party's] contractual obligation." *See, e.g.*, Generadora De Electricidad Del Caribe, Inc. v. Foster Wheeler Corp., 92 F. Supp. 2d 8, 18 (D.P.R. 2000). Similarly, Black's Law Dictionary defines "performance" as "[t]he successful completion of a contractual duty." *Performance*, Black's Law Dictionary (11th ed. 2019). It is also worth noting that, in the definition of "performance," Black's Law Dictionary also refers readers to the definition of "execution." Execution is defined as "[v]alidation of a written instrument, such as a contract or will, by fulfilling the necessary legal requirements."

*Execution*, Black's Law Dictionary (11th ed. 2019). That definition is followed by the example: "delivery of the goods completed the contract's execution." Id. Thus, it is unlikely the analysis would change if the Court interpreted the forum selection clause using Plaintiff's preferred term of "execution" instead.

To summarize the Court's analysis thus far, the forum selection clause in the Contract extends to any claim "connected by reason of an established or discoverable relation" to the performance of the parties' contractual duties.

3. Plaintiffs' Claims are all "Related to" the "Performance" of the Contract

Having defined the key terms in the forum selection clause, the Court must now determine whether any or all of Plaintiffs' claims fit within its broad scope. As explained below, the Court finds that all of the claims in the *Complaint* must be dismissed pursuant to the forum selection clause.

Plaintiffs' first and sixth causes of action undoubtedly fall within the scope of the forum selection clause. The first cause of action seeks a declaratory judgment confirming the validity and meaning of key provisions of the Contract as they relate to this dispute, while the sixth cause of action requests specific performance directing Olavarría "to comply with the terms of the Contract[.]" (Docket No. 1 at 17-19, 28). These claims, without serious question, are related to contractual performance.

The third and fifth causes of action, which allege violations of Article 1536 of the Civil Code of Puerto Rico, are similarly "related to" the "performance" of Haddock's Contract. The *Complaint* states that certain co-defendants violated Article 1536 "[b]y terminating Haddock's Contract without stating a reason therefore, and without affording Haddock *his due process rights under the Contract*," and by "improperly and tortiously interfere[ing] and caus[ing] the illegal termination of *Haddock's contract with the University* before expiration of its term." Id. at 23, 26 (emphasis added). These causes of action are clearly "connected by reason of an established or discoverable relation" to certain co-defendants' contractual obligations and performance. *See* Huffington, 637 F.3d at 22.

The Court also finds that the second cause of action in the *Complaint*, which seeks redress via 42 U.S.C. § 1983 for alleged violations of the Fifth and Fourteenth Amendments to the Constitution of the United States, is encompassed by the broad scope of the forum selection clause. The second cause of action alleges Colón and Velasco violated Haddock's liberty, property and due process rights by improperly and prematurely terminating the Contract. (Docket No. 1 at 19-22). In other words, Plaintiffs allege that Colón and Velasco failed to adequately perform their obligations under the Contract by not providing Haddock with sufficient notice of the reasons for his termination, or sufficient

due process by allowing him to discuss and address any alleged deficiencies in his job performance. Id. at 21. This claim undoubtedly boils down to a dispute related to Colón and Velasco's adherence to, and thus performance under, the Contract.

Finally, the fourth cause of action is also encompassed by the forum selection clause. Plaintiffs assert that "Haddock was fired as president of the UPR . . . because he failed to demonstrate political loyalty to the NPP, by not terminating and hiring University personnel on the basis of political loyalty to the NPP." Id. at 24. Plaintiffs thus contend that, "[i]n firing Haddock as president of the University because he failed to demonstrate political loyalty to the NPP, Colón and Velasco violated Haddock's political expression and association rights[.]" Id. at 25. Though phrased as a political discrimination claim, it is clear that this alleged political discrimination stems from Colón and Velasco's alleged failure to perform under the Contract, as they ostensibly impermissibly fired Haddock in violation of the terms of his employment agreement. (See Docket No. 7-2 at 5 (specifying the two proper reasons for which the Contract can be canceled for cause)).

The Court finds another similar case from this District, Marrero v. Aragunde, illustrative here. Marrero v. Aragunde, 537 F. Supp. 2d 305 (D.P.R. 2008), aff'd, 341 F. App'x 656 (1st Cir. 2009). In Marrero, the parties had signed a settlement agreement that contained a mandatory and broad forum selection clause, which

stated:

> If any of the officers of the Department of Education, were to violate this agreement, it will be deemed an admission of civil rights violation, and the case will be submitted to the jurisdiction of the Superior Court, San Juan Part, to render judgement for the damages that [Plaintiff] may suffer as a result of [the] breach of this contract.

Id. at 307 (alterations in original). The plaintiff subsequently filed a political discrimination claim in federal court against the other parties to the settlement agreement. The plaintiff argued the new federal case was not governed by the forum selection clause because it referred "to acts of political discrimination that continue to this day." Id. However, the court dismissed the case, holding that the "alleged acts of political discrimination all stem[med] from the Department of Education's alleged refusal to comply with the settlement agreement," and thus they were essentially "damages that [the] plaintiff ha[d] suffered as a result of a breach of the settlement agreement." Id. at 308-09. That same logic applies to the case at bar. Because the damages Plaintiffs allegedly suffered from this discrimination are related to Colón and Velasco's alleged breach of contract, this claim falls within the scope of the forum selection clause.

For the above-stated reasons, the Court finds that all six of Plaintiffs' causes of action are encompassed by the Contract's broad forum selection provision.

### C. The Court Sees No Reason Why the Presumption of Enforceability Should Not Apply

"A forum selection clause is *prima facie* valid and, absent a strong showing by the resisting party that the clause is unreasonable under the circumstances, it should not be set aside." Claudio-De Leon, 775 F.3d at 48 (internal quotation marks and citation omitted). Thus, the final step in this analysis is to determine "whether there is some reason the presumption of enforceability should not apply." Id. Plaintiffs may challenge the enforceability of a forum selection clause on four grounds:

> (1) the clause was the product of fraud or overreaching;
>
> (2) enforcement would be unreasonable and unjust;
>
> (3) proceedings in the contractual forum will be so gravely difficult and inconvenient that the party challenging the clause will for all practical purposes be deprived of his day in court; or
>
> (4) enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.

Id. at 48-49 (internal quotation marks and citation omitted).

Plaintiffs fail to challenge the reasonableness of the forum selection clause in the *Motion*. Instead, their arguments address only the first prong of the enforceability analysis – whether the clause is permissive or mandatory. (Docket No. 88 at 2-4). Thus, the Court need not analyze each of the above-stated factors.

However, it is worth noting that this Court's decision will not deprive Plaintiffs of their day in court. As other courts have noted, "[t]he Superior Court of San Juan is capable of addressing all the damage claims that result[] from the breach of the [Contract,] including the alleged political discrimination claims[.]" Marrero, 537 F. Supp. 2d at 309.

### D. The Court Need Not Address the Arbitration Clause

As a final note, it did not go unnoticed that **none** of the parties followed this Court's directive to address the applicability and scope of the Contract's arbitration clause. (Docket No. 87 at 1-2). However, because the Court finds that the clear, mandatory, and broad forum selection clause requires the dismissal of this action, the Court will not opine on the scope or validity of the arbitration provision at this juncture.

### V. CONCLUSION

For the foregoing reasons, this case is **DISMISSED IN ITS ENTIRETY WITHOUT PREJUDICE.** If they so choose, Plaintiffs may refile this action in the court specified in the parties' forum selection clause. Judgment shall be entered accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 12th day of July 2022.

S/ RAÚL M. ARIAS-MARXUACH
United States District Judge